IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CEDRIC SANCHEZ RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 319-014 |
| | ) |
| RODNEY McCLOUD, Deputy Warden; | ) |
| OFFICER ADAMKIEWICZ, Shower | ) |
| Team/Escort Officer; and NURSE MURRAY, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE AMENDED COMPLAINT**

    **A.   BACKGROUND**

Plaintiff names as Defendants: (1) Rodney McCloud, Deputy Warden; (2) Officer Adamkiewicz; and (3) Nurse Murray. (Doc. no. 14, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 1, 2018, Officer Adamkiewicz escorted Plaintiff from the shower in an unsecured manner. (Id. at 4.) While handcuffed behind the back, Plaintiff fell very hard from a

set of stairs onto his back, neck, and buttocks. (Id.) Officer Adamkiewicz knew the floors were wet and ignored a caution sign, which caused Plaintiff to fall. (Id. at 6.) When Plaintiff asked Officer Adamkiewicz to call medical, she did so and informed medical Plaintiff slipped in water. (Id. at 4.) Nurse Murray arrived after approximately fifteen minutes. (Id.) Officer Adamkiewicz told Nurse Murray Plaintiff slipped in water on the stairway. (Id.) A nurse assisting Nurse Murray asked Plaintiff if he could move. (Id.) Plaintiff told her he could not and his back, neck, and buttocks hurt. (Id.) Nurse Murray and her assistant saw Plaintiff was bleeding from his lower back where the handcuffs dug in, but the nurses ignored his complaint and injury. (Id.) Nurse Murray failed to examine Plaintiff. (Id. at 6.) Nurse Murray became mad at Plaintiff and told officers to return Plaintiff to his cell. (Id. at 4.) Plaintiff was denied Tylenol, ibuprofen, and bandages. (Id.) Plaintiff received pain medication and physical therapy one month later. (Id.) Plaintiff still experiences sharp pain in his back, neck, and buttocks. (Id.)

Deputy Warden McCloud created a policy of allowing a single officer to escort inmates without securing them properly. (Id. at 3.) Officer Adamkiewicz violated S.O.P. policy by not securing Plaintiff's arms properly and not ensuring two or more officers escorted Plaintiff in the segregation isolation units. (Id. at 4.)

As relief, Plaintiff seeks: (1) declaratory relief; (2) $5,000 in compensatory damages against each Defendant, jointly and severally; (3) $5,000 in punitive damages against Officer Adamkiewicz; (4) $10,000 in punitive damages against Nurse Murray; and (5) an injunction preventing TSP officers from escorting inmates without at least one additional officer present. (Id.)

### B.     DISCUSSION

#### 1.     Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at

3

555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Officer Adamkiewicz

Plaintiff alleges Officer Adamkiewicz caused his fall on the stairs by violating Georgia Department of Corrections polices requiring the securing of Plaintiff's arms and an escort of at least two officers. (Doc. no. 1, pp. 4, 11.) An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. at 481-82 (noting many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against Officer Adamkiewicz based on any alleged violation of Georgia Department of Corrections policies.

Nor does Plaintiff state a claim against officer Adamkiewicz by alleging he slipped on water. Even if Officer Adamkiewicz knew about the water, her failure to clean it up or be more cautious in escorting Plaintiff at most amounts to negligence. Indeed, these conditions cannot pose an extreme or unreasonable risk of harm, as "[s]lippery floors constitute a daily risk faced by members of the public at large." Harvey v. Plowman, No. 3:11CV437/MCR/CJK, 2012 WL 6135818, at *3 (N.D. Fla. Nov. 7, 2012), report and recommendation adopted, No. 3:11CV437/MCR/CJK, 2012 WL 6138339 (N.D. Fla. Dec. 11, 2012). Consequently, "[s]lip and fall accidents do not give rise to federal causes of action." Wynn v. Ankoh, No. 1:04 CV 37(WLS), 2006 WL 2583370, at *2 (M.D. Ga. Sept. 6, 2006); see also White v. Kimbrough, No. 1:12-CV-3581-WSD, 2013 WL 5436715, at *1 (N.D. Ga. Sept. 27, 2013) (holding conditions resulting in slip-and-fall were result of mere negligence and not actionable in § 1983); Smith v. Brown, No. 1:12-CV-328-TWT-JSA, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012), report and recommendation adopted, No. 1:12-CV-328-TWT, 2012 WL 5392114 (N.D. Ga. Nov. 5, 2012) (same); Harvey, 2012 WL 6135818, at *3 (same). Accordingly, Plaintiff fails to state a claim for deliberate indifference against Officer Adamkiewicz.

### 3. Deputy Warden McCloud Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's amended complaint fails to state a claim against Deputy Warden McCloud because Plaintiff suffered no constitutional violations, as explained *supra*, and, even if he did, there is no basis to hold Deputy Warden McCloud liable merely in light of his supervisory position. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of

5

their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Deputy Warden McCloud liable, Plaintiff must demonstrate either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff only alleges Deputy Warden McCloud created a policy of allowing officers to escort prisoners alone. (Doc. no. 14, p. 3.) Plaintiff must allege a causal connection between Deputy Warden McCloud and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice

6

of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff does not allege any facts to show: (1) a history of widespread abuse sufficient to put Deputy Warden McCloud on notice; (2) Deputy Warden McCloud was responsible for a policy or custom resulting in a violation of Plaintiff's rights; or (3) Deputy Warden McCloud directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner. While Plaintiff alleges in a conclusory fashion Deputy Warden McCloud created a policy under which officers would escort prisoners alone, Plaintiff fails to assert any other prisoner fell or suffered injury as a result of a single escort. There is no constitutional violation merely because the policy allegedly conflicts with GDOC policies and procedures.

In sum, Plaintiff has not shown Deputy Warden McCloud actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any

7

alleged constitutional violation.  Therefore, Plaintiff fails to state a claim upon which relief can be granted against Deputy Warden McCloud, and he should be dismissed from the case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims against Deputy Warden McCloud and Officer Adamkiewicz be **DISMISSED** for failure to state a claim and Defendants McCloud and Adamkiewicz be **DISMISSED** from this case.  In a companion Order, the Court allows to proceed Plaintiff's deliberate indifference claim against Nurse Murray.

SO REPORTED this 21st day of March, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA