IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CEDRIC SANCHEZ RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 319-014 |
| | ) |
| NURSE MURRAY, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, brought this case pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion to amend his amended complaint and motion to appoint counsel, (doc. nos. 33, 41), and Nurse Murray's motion for judgment on the pleadings and motion for leave to file a response to Plaintiff's amended complaint, (doc. nos. 30, 40). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Nurse Murray's motion for judgment on the pleadings be **GRANTED**, (doc. no. 30), Plaintiff's motion to amend and Nurse Murray's motion to file a response be **DENIED AS MOOT**, (doc. nos. 33, 40), Plaintiff's motion to appoint counsel be **DENIED**, (doc. no. 41), and this case **DISMISSED** and **CLOSED**.

**I.   BACKGROUND**

Plaintiff initially named three Defendants in his amended complaint, and because he is proceeding IFP, the Court screened the amended complaint. (See doc. nos. 5, 14, 16.)

Without objection from Plaintiff, United States District Judge Dudley H. Bowen, Jr., dismissed two Defendants. (Doc. no. 20.) The only remaining Defendant is Nurse Murray, who moves for judgement on the pleadings because Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. (See doc. no. 30.) Plaintiff alleges the following facts in his amended complaint.

On November 1, 2018, Officer Adamkiewicz escorted Plaintiff from the shower in an unsecured manner. (Doc. no. 14, p. 4.) While handcuffed behind the back, Plaintiff fell very hard from a set of stairs onto his back, neck, and buttocks. (Id.) Officer Adamkiewicz knew the floors were wet and ignored a caution sign, which caused Plaintiff to fall. (Id. at 6.) When Plaintiff asked Officer Adamkiewicz to call medical, she did so and informed medical Plaintiff slipped in water. (Id. at 4.) Nurse Murray arrived after approximately fifteen minutes. (Id.) Officer Adamkiewicz told Nurse Murray Plaintiff slipped in water on the stairway. (Id.) A nurse assisting Nurse Murray asked Plaintiff if he could move. (Id.) Plaintiff told her he could not and his back, neck, and buttocks hurt. (Id.) Nurse Murray and her assistant saw Plaintiff was bleeding from his lower back where the handcuffs dug in, but the nurses ignored his complaint and injury. (Id.) Nurse Murray failed to examine Plaintiff. (Id. at 6.) Nurse Murray became mad at Plaintiff and told officers to return Plaintiff to his cell. (Id. at 4.) Plaintiff was denied Tylenol, ibuprofen, and bandages. (Id.) Plaintiff received pain medication and physical therapy one month later. (Id.) Plaintiff still experiences sharp pain in his back, neck, and buttocks. (Id.)

Deputy Warden McCloud created a policy of allowing a single officer to escort inmates without securing them properly. (Id. at 3.) Officer Adamkiewicz violated S.O.P. policy by not securing Plaintiff's arms properly and not ensuring two or more officers escorted Plaintiff in the

2

segregation isolation units. (Id. at 4.)

As relief, Plaintiff seeks: (1) declaratory relief; (2) $5,000 in compensatory damages against each Defendant, jointly and severally; (3) $10,000 in punitive damages against Nurse Murray; and (5) an injunction preventing TSP officers from escorting inmates without at least one additional officer present. (Id.)

Plaintiff alleges he filed a grievance concerning the above allegations on November 14, 2018. (Id. at 5.) However, he states his grievances were denied. (Id.) Plaintiff alleges he attempted to appeal, but Mrs. Whitt, Counselor Fruitrell, and Chief Counselor Stuart would not give Plaintiff an appeal form. (Id.) Plaintiff then filed this suit. (Id.)

On August 21, 2019, Nurse Murray filed a motion for judgment on the pleadings, arguing (1) Plaintiff failed to properly exhaust his claims by filing this case prior to fully completing the exhaustion process; and (2) the Eleventh Amendment and § 1983 bar any official capacity claim for money damages. (Doc. no. 30-1.) Nurse Murray attached Plaintiff's grievance history, the applicable grievance documents for this case, the Georgia Department of Corrections Standard Operating Procedure ("GDOC SOP") for grievances, blank grievance forms, and a declaration by Cynthia Stewart concerning the grievance procedure and Plaintiff's grievances. (Doc. nos. 30-2 – 30-5.) Plaintiff responded to Nurse Murray's motion in multiple filings, but he has not provided any evidence in dispute. (Doc. nos. 33-37, 41.)

Plaintiff's grievance history shows grievance number 277680 is the only grievance filed concerning the events contained in Plaintiff's complaint. (Stewart Decl., doc. no. 30-2,

¶ 12; doc. no. 30-4, p. 2.)  Plaintiff wrote grievance number 277680 on November 1, 2018, and the grievance was received by prison officials on November 5, 2018.  (Doc. no. 30-5, p. 6.)  On December 13, 2018, TSP's Warden denied grievance number 277680, which Plaintiff received notice of on December 19, 2018.  (Doc. no. 30-5, p. 3; Stewart Decl, ¶ 12.)  Plaintiff appealed the denial thereafter, dating it December 18, 2018.  (Doc. no. 30-5, p. 2.)  As of January 30, 2019, the date Plaintiff initiated this case, Plaintiff's appeal of the denial was still pending.  (Stewart Decl, ¶ 12.)

## II. NURSE MURRAY'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE GRANTED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

### A. The Legal Framework

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (internal quotation omitted).  "We accept as true all material facts alleged in the non-moving party's pleadings, and we view those facts in the light most favorable to the non-moving party."  Id.  As a motion for judgment on the pleadings under 12(c) and a motion to dismiss under 12(b)(6) are almost identical in form and relief, courts apply the same legal standard in assessing both motions.  See Mobile Telecommunications Techs., LLC v. United Parcel Serv., Inc., 173 F. Supp. 3d 1324, 1327 (N.D. Ga. 2016) ("The legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6).") (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).

Under the Rule 12(b)(6) standard, the court tests the legal sufficiency of the complaint,

4

not whether the plaintiff will ultimately prevail on the merits. Adinolfe v. United Tech. Corp., 768 F.3d 1161, 1168 (11th Cir. 2014). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Where, as here, Defendants argue Plaintiff failed to exhaust administrative remedies, the Eleventh Circuit has laid out a two-step process for courts to use in resolving such motions. First, the Court looks to the factual allegations made by both parties, taking the plaintiff's version as true where they conflict, and if in that light the complaint is subject to dismissal for failure to exhaust administrative remedies, Defendants' motion will be granted. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (citing Bryant v. Rich, 530 F.3d 1368,

1373-74 (11th Cir. 2008) (citations omitted), *cert. denied*, 555 U.S. 1074 (2008)). If the complaint is not subject to dismissal at the first step, then at step two the Court makes specific findings to resolve the disputed factual issues, with Defendants bearing the burden of proving Plaintiff has failed to exhaust his administrative remedies. Id. Based on its findings as to the disputed factual issues, the Court determines whether the prisoner has exhausted his available administrative remedies and thus whether the motion for judgment on the pleadings should be granted. Id. Because exhaustion "is treated as a matter of abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1376 (citations omitted).

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative "deadlines and

other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000).[1] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Finally, the court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

---

[1]Other federal circuits have similarly held the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

### B.     The Administrative Grievance Procedure

According to the Chief Counselor, the administrative grievance procedure applicable in this case is the version of the GDOC's SOP IIB05-0001, Policy No. ("PN") 227.02, which became effective on June 28, 2018. (See doc. no. 30-3; see Stewart Decl., ¶ 3.)

The grievance procedure has two steps:  (1) Original Grievance, and (2) Central Office Appeal.  PN 227.02 § IV(C).  The administrative remedies procedure commences with filing the Original Grievance with a counselor.  Id. § IV(C)(1)(c).  The counselor forwards the grievance to the grievance coordinator, who must screen the grievance to determine whether to accept it for processing or recommend the Warden reject it.  Id. § IV(C)(1)(e)(i).  The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the grievance.  Id. § IV(C)(1)(d).  The timeliness requirements of the administrative process may be waived upon a showing of good cause.  Id.

The SOP requires the Warden give a response to the counselor to deliver to the inmate within forty calendar days of its original receipt; a onetime ten-calendar-day extension may be granted.  Id. § IV(C)(1)(g).  Once the offender receives the Warden's response, or if the time allowed for a response to the grievance has expired without action, the offender may proceed to step two of the grievance process, a Central Office Appeal.  Id. § IV(C)(2).  The inmate has seven calendar days from the date he receives the response to the grievance to file a Central Office Appeal, but this time limit may be waived for good cause. Id. § IV(C)(2)(b).  The Commissioner or his designee then has 120 calendar days after receipt of the grievance appeal to deliver a decision to the offender.  Id. § IV(C)(2)(e).

### C.  Plaintiff's Failure to Exhaust

Nurse Murray argues Plaintiff's claims should be dismissed because Plaintiff failed to properly exhaust his administrative remedies by filing this action prior to receiving an answer from the Central Office of Appeal.  (Doc. no. 30-1.)  Nurse Murray does not argue Plaintiff failed to exhaust under the first step of Turner, arguing instead it is unclear and "it appears the Court cannot resolve the exhaustion issue at Turner step one."  (Id. at 4.)  Thus, Nurse Murray relies exclusively on step two of Turner, and, therefore, the Court likewise limits its discussion only to step two of Turner.

Under step two of Turner, Plaintiff's claims are subject to dismissal because Plaintiff filed this action prior to fully exhausting his administrative remedies.  The Eleventh Circuit requires prisoners to complete the administrative process before initiating suit.  Poole, 312 F. App'x at 166; see also Higginbottom, 223 F.3d at 1261.  The grievance process is not complete until after an inmate receives a response to his grievance appeal or until the time period in which the Commissioner has to respond expires.  See PN 227.02 § IV(C)(2).  Further, "[t]he time [42 U.S.C. § 1997e(a)] sets for determining whether exhausting of administrative remedies has occurred is when the legal action is brought, because it is then that the exhaustion bar is to be applied."  Goebert v. Lee Cty., 510 F.3d 1312, 1324 (11th Cir. 2007).

"[B]ecause 'the only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint,' the subsequent issuance of the Appeal Decision after the initiation of this case

9

'cannot cure the exhaustion defect.'" Mack v. Miles, CV 117-061, doc. no. 19, pp. 5-6 (S.D. Ga. Apr. 26, 2018) (Hall, C.J.) (citing Harris v. Garner, 216 F.3d 970, 981 (11th Cir. 2000) and Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012)). Moreover, amending a complaint or transferring a case cannot cure the exhaustion defect because such actions do "not change the important historical fact: [Plaintiff's] administrative remedies were unexhausted when he filed his original complaint." Smith, 491 F. App'x at 83.

Plaintiff offers no evidence disputing the fact that he signed his original complaint on January 16, 2019, and it was filed on January 30, 2019. (Doc. no. 1.) There also is no evidence disputing that as of January 30, 2019, Plaintiff's appeal of grievance number 277680 was still pending. (Doc. no. 30-4, p. 2; Stewart Decl. ¶ 13.) Plaintiff filed no other grievance that would be applicable to this case. (See doc. no. 30-4; Stewart Decl.) Because Plaintiff did not exhaust his administrative remedies with respect to his claims against Nurse Murray prior to initiating this lawsuit, the motion for judgment on the pleadings should be granted. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (*per curiam*) ("'[U]ntil such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citations omitted); Higginbottom, 223 F.3d at 1261.

Plaintiff argues he exhausted all his administrative remedies because, while being incarcerated in the segregation housing unit, he had to rely on prison officials to bring him the proper forms and they failed to bring the appeals forms to him after asked for them. (Doc. no. 35, p. 3-4.) However, this argument is meritless because it is undisputed Plaintiff filed an appeal as to grievance number 277680. Nurse Murray attached the appeals form,

with Plaintiff's signature on it, to her motion. (See doc. no. 30-5, p. 2.) Plaintiff then makes a contradictory argument to his first, arguing he filed an appeal, but grievance coordinators told Plaintiff they lost it. (Doc. no. 35, p. 4.) This argument is also meritless because the only evidence established in this case shows Plaintiff signed and turned in the appeals form for grievance number 277680, which was still pending at the time Plaintiff filed this suit. The record is devoid of any evidence establishing Plaintiff was thwarted in his efforts to file an appeal, that his appeal was in fact lost, or the grievance procedure was unavailable. See Kozuh v. Nichols, 185 F. App'x 874, 876-78 (11th Cir. 2006) (holding inmate did not properly exhaust grievance process where he offered only allegations of records and documents being destroyed). Therefore, Nurse Murray's motion for judgment on the pleadings should be granted because of Plaintiff's failure to exhaust, and the Court need not address Nurse Murray's remaining arguments. (See doc. no. 30-1, pp. 7-8.)

### D. Plaintiff's Remaining Motions and Defendant's Motion to File a Response to Plaintiff's Second Amended Complaint

First, on August 30, 2019, Plaintiff filed a motion to amend his amended complaint, attaching a second amended complaint to his motion. (Doc. no. 33.) Plaintiff filed his brief in support of his motion to amend on September 9, 2019. (Doc. no. 35.) However, as stated in § II.C., supra, the key factor in determining whether Plaintiff exhausted his administrative remedies is when he filed his original complaint. The undisputed evidence submitted by Nurse Murray proved Plaintiff filed this suit prior to his appeal of grievance number 277680 being completed. Thus, because Plaintiff failed to exhaust administrative remedies, his motion to amend should be denied as moot, (doc no. 33), and Nurse Murray's motion to file

a response to Plaintiff's second amended complaint should also be denied as moot, (doc. no. 40).

Second, on September 23, 2019, Plaintiff filed his fourth motion to appoint counsel. (Doc. no. 41.) As stated in the Court's January 30, April 16, and August 15, 2019 Orders, there is no entitlement to appointed counsel in a civil rights case such as this one. (Doc. nos. 4, 19, 29.) Plaintiff continuously fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). As Plaintiff's circumstances have not changed from the Court prior orders, Plaintiff's motion to appoint counsel should be denied. (Doc. no. 41.)

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Nurse Murray's motion for judgment on the pleadings be **GRANTED**, (doc. no. 30), Plaintiff's motion to amend and Nurse Murray's motion to file a response be **DENIED AS MOOT**, (doc. nos. 33, 40), Plaintiff's motion to appoint counsel be **DENIED**, (doc. no. 41), and this case **DISMISSED** and **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of November, 2019, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA